STATE OF MONTANA ex rel. CECIL PAUL PARKER, Relator, v. The DISTRICT COURT of the Eighth Judicial District, et al., Respondents.

No. 11058.

Submitted January 13, 1966. Decided February 4, 1966.

410 P.2d 459.

H. William Coder (argued), Great Falls, for relator.

Gene Daly (argued), Great Falls, Gorham E. Swanberg (argued), Great Falls, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is a petition for a writ of prohibition or other appropriate relief. The facts are that the defendant-petitioner was charged by information filed in state district court with murder in the second degree for the killing of his infant step-son. The crime allegedly took place on Malmstrom Air Force Base, a federal enclave on the outskirts of Great Falls, Montana. The defendant is an Air Force person. Motion was made in the lower court to quash the information on the grounds that the state has no criminal jurisdiction over the air base, it being within the exclusive jurisdiction of the federal government. The motion was denied giving rise to the instant petition.

Article I, § 8, cl. 17, of the Federal Constitution provides the Congress shall have power "To exercise exclusive legislation in all cases whatsoever, over such District (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of congress, become the seat of the government of the United States; and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings * * *."

The defendant maintains that the United States acquires exclusive jurisdiction over all lands it obtains by purchase with the consent of the legislature of the state for the erection of forts, magazines, arsenals, dock-yards and other needful buildings. He says that where property is acquired for purposes other than those enumerated in Article I, § 8, cl. 17, of the Federal Constitution, the state may reserve concurrent jurisdiction with the United States as long as it does not interfere with the federal use. Since Malmstrom Air Force Base apparently falls within the purview of the above-quoted constitutional provision, the defendant reasons that federal jurisdiction is exclusive of all state authority.

We cannot agree with this contention. It is true that there

are some cases which indicate that the United States acquires complete and exclusive jurisdiction over lands obtained pursuant to Article I, § 8, cl. 17. See United States v. Cornell, Fed.Cas. No. 14,867, 2 Mason 60; (U.S.Cir.Ct.) United States v. Unzeuta, 281 U.S. 138, 50 S.Ct. 284, 74 L.Ed. 761. But, we think that the United States Supreme Court has made it clear that, where the Federal Government obtains territory by purchase with consent of the state, for whatever purpose, that the state may reserve concurrent jurisdiction thereover in itself, provided such reserved jurisdiction is not inconsistent or in interference with the purpose for which the Federal Government acquired the property. James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318; Paul v. United States, 371 U.S. 245, 83 S.Ct. 426, 9 L.Ed.2d 292; See also Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502; Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; Stewart & Co., Inc., v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596, 127 A.L.R. 821. As was said in the Dravo case:

"Clause 17 contains no express stipulation that the consent of the state must be without reservations. We think that such a stipulation should not be implied. We are unable to reconcile such an implication with the freedom of the state and its admitted authority to refuse or qualify cessions of jurisdiction when purchases have been made without consent, or property has been acquired by condemnation. In the present case, the reservation by West Virginia of concurrent jurisdiction did not operate to deprive the United States of the enjoyment of the property for the purposes for which it was acquired, and we are of the opinion that the reservation was applicable and effective." James v. Dravo Contracting Co., supra, at 302 U.S. 148, 58 S.Ct. 216.

Our holding here merely reaffirms the position taken by this court in deciding State v. Rindal, 146 Mont. 64, 404 P.2d 327. It should be noted, however, that the qualification that the

state's reservation of jurisdiction not interfere with the federal purpose was not alluded to in that opinion because there was no question of interference raised. The contrary is true is the case at bar.

Having found that the state may reserve concurrent jurisdiction, two questions are left to be decided. First, did the State of Montana actually reserve criminal jurisdiction over the land in question and, second, is such jurisdiction consistent with the federal purpose?

Concerning the first, the United States acquired the land here in issue by means of purchase from private property owners. Since there is no Montana statute specifically granting this terrain to the federal government the general cession statute is applicable, it is R.C.M.1947, § 83-108, which provides in part: "Pursuant to article I, section 8, paragraph 17, of the constitution of the United States, consent to purchase is hereby given, and exclusive jurisdiction ceded, to the United States over and with respect to any lands within the limits of this state, which shall be acquired by the complete purchase by the United States, for any of the purposes described in said paragraph of the constitution of the United States, said jurisdiction to continue as long as said lands are held and occupied by the United States for said purposes; reserving, however, to this state the right to serve and execute civil or criminal process lawfully issued by the courts of the state, within the limits of the territory over which jurisdiction is ceded in any suits or transactions for or on account of any rights obtained, obligations incurred, or crimes committed in this state, within or without such territory * * *."

This court held in State v. Rindal, supra, that section 83-108 does reserve to the State of Montana, criminal jurisdiction over land purchased by the federal government.

The question remaining then, is whether or not the jurisdiction sought to be exercised by the State in this case is consistent and not in interference with the operations for which the United States acquired the land.

First, it should be pointed out that in accepting jurisdiction over Malmstrom Air Force Base in 1945, the federal government, through Acting Secretary of War Robert C. Patterson, stated in writing that they were filing their acceptance "in compliance with the provisions of section 25 of the Revised Codes of Montana, 1935, as amended by section 1, Chapter 155, Laws of Montana, 1939." This provision is unchanged and is now section 83-108. The letter of acceptance also said: "This is the manner of acceptance prescribed by the above act [section 83-108], the provisions of which *authorize the transfer of jurisdiction*." (Emphasis added.) Thus the federal government expressly recognized the authority of section 83-108, which includes the jurisdictional reservations.

The United States Supreme Court has said: "The States of the Union and the National Government may make mutually satisfactory arrangements as to jurisdiction of territory within their borders and thus in a most effective way, cooperatively adjust problems flowing from our dual system of government. Jurisdiction obtained by consent or cession may be qualified by agreement or through offer and acceptance or ratification. It is a matter of arrangement. These arrangements the courts will recognize and respect." Collins v. Yosemite Park & Curry Co., supra, at 304 U.S. 528, 58 S.Ct. 1013.

The jurisdiction transferred in section 83-108, and the acceptance thereof by the federal government in the case of Malmstrom Air Force Base as we view it is within the contemplation of this Supreme Court proclamation. Further, effective cooperation is found in the investigation and prosecution of the matter here involved. The alleged crime was committed on September 25, 1965. The Information was filed November 12, 1965. During the interval the Air Force legal department did not elect to start court martial proceedings against the defendant as it could have done. Rather the Judge Advocate General's office turned over their findings to the County Attorney. Also two member of the Air Force have agreed to testify for the state and their names are endorsed on the Information.

This is not a case of conflicting police operations, nor of any conflict between state and federal authority. Rather, it is the desire by one charged with crime to challenge one jurisdiction over another. Obviously the military police established to patrol the Air Base could not tolerate interference by local officers in their day to day regulation of Air Force personnel. But, throwing the resources of both agencies cooperatively into the investigation of a particular crime is a different matter. It works for a more effective enforcement of the law. When the evidence is gathered it is no interference with the federal use of the land, for the state, rather than the federal authorities, to conduct the prosecution.

Application for writ denied.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES concur.